UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MEDEQUA LLC,

                Plaintiff,

                v.

O'NEILL & PARTNERS LLC,

                Defendant.

------------------------------------------------------------- X

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

21 Civ. 6135 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Medequa LLC brought this action to recover escrow funds deposited with Defendant O'Neill & Partners in the amount of $5,100,000. *See* Am. Compl. (ECF No. 17). Medequa now moves for a temporary restraining order and preliminary injunction to enjoin O'Neill & Partners from disbursing the escrow funds and require O'Neill & Partners to account for the escrow funds with documentation. *See* ECF No. 8. For the reasons discussed below, Medequa's motion is denied.

## BACKGROUND

        On August 12, 2020, Plaintiff Medequa agreed to purchase from SonerMed LLC $10,200,000 worth of personal protective equipment products to be donated to the Federal Emergency Management Agency ("FEMA") on behalf of the King Salman Humanitarian Aid and Relief Center ("Relief Center"). *See* Am. Compl. at ¶¶ 9–19. Madequa and SonerMed contemporaneously entered into an escrow agreement ("Escrow Agreement") with Defendant O'Neill & Partners, who was appointed as the escrow agent. *See id.* at ¶ 20. Upon SonerMed's execution of the purchase agreement, Medequa deposited half of the purchase amount, or $5,100,000, with O'Neill & Partners ("Escrow Funds"). *See id.* at ¶ 21.

SonerMed never delivered the products. *See id.* at ¶ 30. On November 22, 2020, Medequa issued a cancellation notice ("Cancellation Notice") in light of SonerMed's failure to deliver. *See id.* at ¶ 25. Despite Medequa's repeated requests, O'Neill & Partners has not returned the Escrow Funds to date. *See id.* at ¶ 52. O'Neill & Partners claims that it is retaining the Escrow Funds because the Relief Center or the Kingdom of Saudi Arabia ("Saudi Arabia") may be the true beneficial owner of the Escrow Funds. *See* Opp'n Br. (ECF No. 13) at 4. O'Neill & Partners asserts that its concern stemmed from various communications it received from SonerMed, Medequa's prior counsel, and Saudi Arabia. *See id.* at 6.

Medequa brought this action to recover from O'Neill & Partners the $5,100,000 Escrow Funds, alleging breach of contract, breach of fiduciary duty, and conversion. Soon after it filed its original complaint,[1] Medequa moved for a temporary restraining order and preliminary injunction to enjoin O'Neill & Partners from disbursing the Escrow Funds and require O'Neill & Partners to account for the Escrow Funds with documentation. The Court held a hearing with the parties on the instant motion on August 5, 2021.

## DISCUSSION

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). In the Second Circuit, a party seeking a preliminary injunction must "must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the

---

[1] The Court dismissed *sua sponte* Medequa's original complaint on August 3, 2021, for lack of subject matter jurisdiction. Medequa filed an amended complaint soon after, curing the jurisdictional deficiencies.

public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted).

A likelihood of irreparable harm absent entry of a preliminary injunction is the "single most important prerequisite for the issuance of a preliminary injunction." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citations omitted). To satisfy the irreparable harm requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury "that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (citation omitted).

Medequa has not made a sufficient showing of irreparable harm. Medequa is seeking the return of Escrow Funds currently held in O'Neill & Partners' account. It argues that it faces irreparable harm because its attempt to collect an eventual judgment may be "ineffectual" and it may incur "unquantifiable cost" in obtaining judgments against nonparties for the disbursement of the Escrow Funds. Pl. Br. (ECF No. 8, Ex. 26) at 10–11. However, Medequa's dispute with O'Neill & Partners is but a contractual dispute for money, and the harm Medequa alleges can adequately be addressed through monetary damages. *See Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 113–14 (2d Cir. 2003) ("[O]nly harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief."); *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) ("The injury must be one requiring a remedy of more than mere money damages [and] [a] monetary loss will not

suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation.").

Nor has Medequa substantiated its claim that the Escrow Funds "may be dissipated if not frozen." Pl. Br. at 11. Its sole contention to this point is that O'Neill & Partners has refused to provide "proof that the funds have remained in escrow as prescribed by paragraph 2(a) of the Escrow Agreement." Reply Br. (ECF No. 14) at 6. O'Neill & Partners, however, has no obligation under the Escrow Agreement to provide documentary proof of the Escrow Funds. Paragraph 2(a), which is cited by Medequa, provides only that the Escrow Funds shall be maintained in a separate and segregated demand deposit account with TD Bank. Escrow Agreement (ECF No. 17, Ex. 5) at ¶ 2(a). The Escrow Agreement further permits O'Neill & Partners to "refrain from taking any action contemplated by this Agreement in the event that it becomes aware of any disagreement between the parties hereto as to any facts or as to the happening of any contemplated event precedent to such action." Escrow Agreement at ¶ 5(a).

Any injuries that Medequa may have suffered therefore pertain only to the law and may be redressed by monetary damages. The irreparable harm factor weighs against granting the injunctive relief requested.

There is, however, more to O'Neill & Partners' response to Medequa's motion. O'Neill & Partners claims that it shall hold the Escrow Funds until certain disputes involving non-parties are resolved and offers to act as a mediator. O'Neill & Partners is an escrow agent, not a mediator, with such rights and responsibilities as its Escrow Agreement with Medequa and SonerMed gives it. If O'Neill & Partners is uncertain who should receive the Escrow Funds, it should deposit the funds with the Clerk of Court and file an interpleader. Thus, Paragraph 5(e) of the Escrow Agreement provides, "in the event that . . . [O'Neill & & Partners] shall be

uncertain as to how to proceed in a situation not explicitly addressed by the terms of [the] Agreement," O'Neill & Partners may "interplead all of the assets held [thereunder] to a court of competent jurisdiction in [Manhattan]." Escrow Agreement at ¶ 5(e). This Court is that "competent court" by reason of the instant lawsuit. O'Neill & Partners shall make such deposit and interplead all relevant claimants by noon, August 11, 2021. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22.

## CONCLUSION

For the foregoing reasons, Medequa's motion for a temporary restraining order and preliminary injunction is denied. The Clerk of Court shall terminate the open motion (ECF No. 8). By noon, August 11, 2021, O'Neill & Partners shall interplead the Escrow Funds to the Court and name all relevant parties by interpleader.

SO ORDERED.

Dated: August 6, 2021  _____/s/_____
New York, New York   ALVIN K. HELLERSTEIN
    United States District Judge