UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
MEDEQUA LLC, :
: **ORDER GRANTING RELEASE**
Plaintiff, : **FROM CUSTODY**
-against- :
: 21 Civ. 6135 (AKH)
O'NEILL & PARTNERS LLC, :
:
Defendant. :
:
:
:
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

In three court orders issued in August and September 2021 I ordered Defendant O'Neill & Partners LLC to deposit the full amount held in escrow—$5,100,000—into the Disputed Ownership Fund ("DOF") in the Court Registry Investment System ("C.R.I.S.") of the U.S. District Court, Southern District of New York (ECF 33, 36, 38). Defendant failed to do so. In my order dated September 23, 2021 I held Defendant and its managing partner, Brian O'Neill, in contempt of court for failure to comply with my court orders directing O'Neill to interplead the Escrow Funds (ECF 43). I directed the U.S. Marshal to arrest Brian O'Neill and hold him in custody until he purged himself of the contempt. On September 28, 2021, I gave Defendant leave to file a motion seeking relief, provided that he submit documentary proof of the status of the remaining escrow funds, including when and where the funds were deposited (ECF 44). After I granted O'Neill a furlough of approximately 48 hours to complete the interpleader deposit (ECF 51), he had not deposited the full amount of the Escrow Funds or provided the court with satisfactory documentation of the location of such funds. On October 14, 2021, O'Neill returned to custody, where he remains today.

On October 25, 2021 I held a hearing with the parties to assess whether continuing to hold O'Neill in custody would appropriately incentivize him to complete the interpleader and whether further confinement would become punitive. At the hearing, I reiterated that O'Neill could purge himself of contempt by providing documentary proof of the status of the remaining Escrow Funds and submitting an affidavit as to when and how he would deposit those funds. As of November 9, 2021, O'Neill had neither completed the interpleader nor provided documentary proof of the status of the Escrow Funds. It appeared that O'Neill did not have the funds to deposit, could not readily obtain the funds, and feared some form of retaliation if he were to disclose the location of the funds. I questioned whether further custody would change anything and expressed concern that continued confinement could be considered punitive. I ordered Plaintiff to show cause why O'Neill, in such circumstances, should remain in custody (ECF 59).

On November 16, 2021, Plaintiff filed its memorandum setting forth its position. (ECF 67). Plaintiff states that I should "continue to hold Mr. O'Neill in civil contempt but release Mr. O'Neill on conditional parole for a set period of time during which he must deposit the remaining Escrow Funds or produce documentary proof of the status of the Escrow Funds." Pl. Br. at 2. Additionally, Plaintiff requests that I impose an additional monetary sanction for every day that the Escrow Funds are not deposited with the Court. *Id.*

I decline to adopt the position plaintiff requests. O'Neill has been in custody approximately 37 full days and parts of another six days. As I noted in my November 9, 2021 order, O'Neill has demonstrated that he is unable or unwilling to complete the interpleader of the escrow funds or provide the documentary proof ordered by the court.

I rule that continuing custody will not exact compliance. That being the case, continued confinement could be considered punitive in nature. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).

2

This is a commercial dispute. Plaintiff has recourse to ample civil remedies to discover relevant facts and enforce any judgment it obtains. Indeed, Plaintiff has moved for summary judgment, which may provide a path toward recovery. There is no further civil purpose in maintaining custody over O'Neill. Continued custody will not result in a purging of O'Neill's contempt. I hereby order his release.

Releasing O'Neill does not absolve him of his responsibility to return the Escrow Funds that were entrusted to him or to provide the documentary proof to disclose where the funds are, how they got there, and O'Neill's role with relation to those funds. These will be the focus of Plaintiff's pursuit of any commercial remedies.

I decline to impose a daily monetary sanction, as plaintiff requests. Such a sanction would not be efficacious under the circumstances. If O'Neill lacks the funds to complete the required interpleader and avoid incarceration, imposing a monetary penalty is not an appropriate remedy. I decline to impose any monetary sanction on either Brian O'Neill or O'Neill & Partners.

To summarize, I order the following:

1. The U.S. Marshal shall release Brian O'Neill from custody forthwith.
2. The hearing scheduled for November 23, 2021 is canceled.
3. Plaintiff is free to pursue all available remedies to recover money due to Plaintiff and obtain full relief.

SO ORDERED.

Dated: November 18, 2021
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3