UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
MEDEQUA LLC, :
: **ORDER DENYING MOTION TO**
Plaintiff, : **STAY**
-against- :
: 21 Civ. 6135 (AKH)
O'NEILL & PARTNERS LLC, :
:
Defendant. :
:
:
:
:
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This action began as a suit by Plaintiff Medequa LLC ("Medequa") to enforce the terms of an escrow agreement and recover the money held in escrow by Defendant O'Neill & Partners LLC. After months of delay, Defendants has accounted for only a portion of the escrow funds, and its managing partner, Brian O'Neill, has been indicted for wire fraud and making false statements in connection with Plaintiff's funds. *See* 22 Cr. 57 (VEC). In light of the indictment of its managing partner, Defendant moves for a stay of this case, which Plaintiff opposes. For the reasons that follow, the motion to stay is denied.

## BACKGROUND

        On August 12, 2020, Plaintiff agreed to purchase from SonerMed LLC $10,200,000 worth of personal protective equipment products to be donated to the Federal Emergency Management Agency ("FEMA") on behalf of the King Salman Humanitarian Aid and Relief Center ("Relief Center"). Madequa and SonerMed contemporaneously entered into an escrow agreement ("Escrow Agreement") with Defendant O'Neill & Partners, which was appointed as the escrow agent. Upon SonerMed's execution of the purchase agreement,

Medequa deposited half of the purchase amount, or $5,100,000, with O'Neill & Partners ("Escrow Funds").

SonerMed never delivered the products. On November 22, 2020, Medequa issued a cancellation notice ("Cancellation Notice") in light of SonerMed's failure to deliver—the condition precedent to O'Neill& Partners' obligation to return the Escrow Funds. Despite Medequa's repeated requests, O'Neill & Partners has not returned the Escrow Funds to date. At one point in these proceedings, O'Neill & Partners claimed that it was retaining the Escrow Funds because the Relief Center or the Kingdom of Saudi Arabia ("Saudi Arabia") may be the true beneficial owner of the Escrow Funds, asserting that its concern stemmed from various communications it received from SonerMed, Medequa's prior counsel, and Saudi Arabia.

On July 16, 2021, Medequa brought this action to recover from O'Neill & Partners the $5,100,000 Escrow Funds, alleging breach of contract, breach of fiduciary duty, and conversion. Soon after it filed its original complaint, Medequa moved for a temporary restraining order and preliminary injunction to enjoin O'Neill & Partners from disbursing the Escrow Funds and require O'Neill & Partners to account for the Escrow Funds with documentation. I denied the temporary restraining order and injunction, but ordered O'Neill & Partners to interplead the Escrow Funds to the Court.

In three orders issued in August and September 2021 I ordered Defendant O'Neill & Partners LLC to deposit the full amount held in escrow—$5,100,000—into the Disputed Ownership Fund ("DOF") in the Court Registry Investment System ("C.R.I.S.") of the U.S. District Court, Southern District of New York. *See* ECF Nos. 33, 36, 38. Defendant failed to do so. In my order dated September 23, 2021 I held Defendant and its managing partner, Brian O'Neill, in contempt of court for failure to comply with my court orders directing O'Neill to interplead the Escrow Funds. ECF 43. I directed the U.S. Marshal to arrest Brian O'Neill and hold him in custody until he purged himself of the contempt. On September 28, 2021, I gave

Defendant leave to file a motion seeking relief, provided that he submit documentary proof of the status of the remaining escrow funds, including when and where the funds were deposited. ECF 44. After I granted O'Neill a furlough of approximately 48 hours to complete the interpleader deposit, ECF No. 51, he had not deposited the full amount of the Escrow Funds or provided the court with satisfactory documentation of the location of such funds. On October 14, 2021, O'Neill returned to custody.

As of November 9, 2021, O'Neill had neither completed the interpleader nor provided documentary proof of the status of the Escrow Funds. It appeared that O'Neill did not have the funds to deposit, could not readily obtain the funds, and feared some form of retaliation if he were to disclose the location of the funds. I questioned whether further custody would change anything, and ultimately ordered O'Neill released on November 19, 2021. *See* ECF Nos. 59, 69.

While O'Neill was in custody, Plaintiff moved for partial summary judgment. However, before Defendant filed its response, Brian O'Neill was arrested on December 3, 2021 and charged with committing wire fraud, making false statements to the FBI, and committing perjury. *See* 22 Cr. 57 (VEC), Dkt. Nos. 2–3. On December 8, 2021, Defendant moved for a full stay of this case pending the outcome of O'Neill's criminal proceeding. On January 26, 2022, O'Neill was formally indicted.

## DISCUSSION

In assessing whether to grant a stay under these circumstances, I evaluate six factors:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

3

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1339 (S.D.N.Y. 1995). The party requesting a stay bears the burden with respect to each of the *Louis Vuitton* factors. *Louis Vuitton*, 676 F.3d at 97. Courts assess whether a stay is warranted with respect to the particular factual circumstances of each case. *Id.* at 99; *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, the first charge of the criminal case has similarity to the civil case in that they both involve a breach of a fiduciary's obligation to return escrowed funds. But there are important differences. The civil case involves the terms of a written document and a failure to perform that which the written contract obliges defendant to do, i.e., return money entrusted to it. Count 1 of the criminal indictment treats the same set of facts, but recites the statutory elements of wire fraud, addresses O'Neill's state of mind, and alleges misappropriation of the money entrusted to him. The differences are important.

Furthermore, Count 2 deals with O'Neill's conduct with a different party ("Victim 2"), while Counts 3 and 4 deal O'Neill's alleged false statements made under oath. The civil action does not involve these matters.

With respect to the second factor, defendant's criminal jeopardy following an indictment makes it understandable that he should ask for a stay. *See Maldanado v. City of New York*, 2018 WL 2561026, at *2 (S.D.N.Y. June 1, 2018); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As an LLC, Defendant O'Neill & Partners LLC itself is not under indictment; its managing partner, Brian O'Neill, is the defendant. This factor weighs in favor of a stay, though not as much as if Brian O'Neill himself were the defendant in the civil case. More important, the other factors overwhelm this one.

The balance of the remaining factors strongly weigh against a stay. Plaintiff has a clear interest in proceeding with the case; it has been pending for months, and much of that time

4

was consumed by O'Neill's refusal to disclose the status of the funds Plaintiff seeks to recover. Allowing delay with no clear endpoint "will increase the risks that plaintiff could succeed in the litigation, without being able to collect on any judgment." *Sterling National Bank v. A-1 Hotels International Inc.*, 175 F. Supp. 2d 573, 579 (S.D.N.Y 2001); *see also Citibank, N.A. v. Hakim*, 1993 WL 481335, at *3 (S.D.N.Y. Nov. 18, 1993). Plaintiff's pending motion for partial summary judgment and the accompanying brief were filed before O'Neill was arrested for criminal conduct. Defendant need not engage in any new discovery or otherwise place the constitutional rights of Brian O'Neill at risk to oppose that motion; Plaintiff argues the statements and actions *already* part of the record are sufficient to award summary judgment, and Defendant need only contest those arguments if, indeed, defendant has any legitimate defenses. *See Louis Vuitton*, 676 F.3d at 103.

Additionally, Defendant itself, as an LLC, cannot assert Fifth Amendment protection. *See Braswell v. United States*, 487 U.S. 99, 102 (1988*); In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010). It must respond to the pending motion for summary judgment, or risk default. Brian O'Neill's criminal jeopardy is not an issue.

Further weighing against a stay is the fact that Plaintiff is a private entity, not a government agency. *See Hakim*, 1993 WL 481335, at *2 ("the potential for prejudice is diminished where, such as here, a private party, not the government, is the plaintiff in the civil action"). Similarly, the Government has not sought leave to intervene in the civil case. Accordingly, there is no risk that the government itself could exert undue pressure on Defendant in the civil litigation to gain strategic advantage in the criminal proceeding, or vice versa. *See Sterling Nat. Bank*, 175 F.Supp. at 578–79 (reciting cases).

Finally, Plaintiff proposes a six-month stay as an alternative to an indefinite stay, to allow plaintiff to take depositions of third-parties, presumably to locate funds to pay a judgment. The proposal is unsatisfactory. It would enmesh the court into regulating proceeding

5

supplementary to judgment, even before Plaintiff has a judgment. And it would set the stage for additional stays if the criminal proceedings last beyond six months, for "it is completely unpredictable how the criminal [proceeding] will have progressed over the next six months." *Sterling Nat,. Bank.*, 175 F.Supp.2d at 579. Plaintiff's suggestion of an alternative is denied.

Additionally, Defendant requests that I hold in abeyance Plaintiff's motion for summary judgment pending determination of the motion to stay. ECF No. 75. Having decided the motion to stay, I deny Defendant's request to hold the summary judgment motion in abeyance. There is no basis for further delay. Defendant shall file any opposition to the motion for partial summary judgment by February 14, 2022. The Clerk shall terminate ECF Nos. 73 & 75.

SO ORDERED.

Dated:      February 1, 2022                         /s/ Alvin K. Hellerstein
            New York, New York                       ALVIN K. HELLERSTEIN
                                                     United States District Judge