**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MEDEQUA LLC,                                    :

              Plaintiff,               :               21 Civ. 6135 (AKH)


              v.                          :

O'NEILL & PARTNERS LLC,                  :

              Defendant.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**D&O'S REPLY TO MEDEQUA'S MEMORANDUM OF LAW IN OPPOSITION TO D&O'S
MOTION TO INTERVENE AS A THIRD PARTY PLAINTIFF**

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS…………………………………………………………….. 1

TABLE OF AUTHORITIES……………………………………………………….. 2

PRELIMINARY STATEMENT……………………………………………………. 3

ARGUMENT……………………………………………………………………… 6

     I.       D&O is Entitled to Intervention as of Right.                         4

          A.  D&O's Motion is Timely.…………………………………………….. 5
          B.  D&O has legally protectable interests at stake in this litigation……… 8
          C.  D&O's interest will be impaired by this litigation…………………….. 9
          D.  D&O's interests are not adequately protected…………………………. 10

     II.      D&O is Entitled to Permissive Intervention…………………………….. 11

CONCLUSION……………………………………………………………………... 12

CERTIFICATE OF SERVICE………………………………………………………..... 13

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Brennan v. N.Y.C. Bd. of Educ.,*

  260 F.3d 123, 130 (2d Cir. 2001)……………………………………………………...    8

*Butler, Fitzgerald & Potter v. Sequa Corp.,*

  250 F.3d 171, 182 (2d Cir. 2001)……………………………………………………...    7, 9

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.,*

  386 U.S. 129, 132 (1967)………………………………………………………….    9

*High Farms, LLC v. King,*

  No. 16-CV-736(NGG)(PK), 2021 WL 1137995, at *14 (E.D.N.Y. Mar. 25, 2021)……….    10

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n. Inc.,*

  471 F.3d 377, 390-91 (2d Cir. 2006)…..……………………………………………….    5, 8

*Oneida Indian Nation of N.Y. v. N.Y.,*

  201 F.R.D. 64, 68 (N.D.N.Y. 2001)……………………………...…………………...    5, 6

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.,*

  467 F.3d 238, 240 (2d Cir. 2006) …………....………………………………    4

*S.E.C. v. Callahan,*

  193 F. Supp. 2d 177, 201 (E.D.N.Y. 2016)……….......………………………………    10

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec.,*

  922 F.2d 92, 97 (2d Cir. 1990)………………………………………………………    7

*Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,*

  782 F. Supp. 870, 874 (S.D.N.Y. 1991)…..……………………………………………    5

**Statutes**

Fed. R. Civ. P. 24(a)(2) …………………………………………………………….. *passim*

## PRELIMINARY STATEMENT

D&O TRADECO, INC (hereinafter referred to a "D&O") respectfully submits this Memorandum of Law in response to Medequa LLC's (hereinafter "Medequa") Memorandum of Law in Opposition to D&O's Motion to Intervene. D&O's motion to intervene is **not untimely and does satisfy** the requirements under Rule 24.

D&O had a separate and independent Escrow Agreement with O'Neill & Partners (hereinafter "O'Neill"), and the Agreement concerned parties other than the Plaintiff in this action. Therefore, D&O asserts that it has a legal interest in this action. Said Escrow Agreement concerned the $3.3 million that is the subject of this litigation. While D&O agrees that it does not have an ownership interest in Medequa's Escrow Funds, D&O asserts that it does have an ownership interest in the Escrow Funds that it deposited with O'Neill which are the exact funds O'Neill deposited with the Clerk of the Court as directed by the Court in this action.

D&O also asserts that, but for this litigation between Medequa and O'Neill, D&O would not have a claim against O'Neill. The harm that D&O is suffering is a direct result of this litigation, in that, O'Neill deposited with the Clerk of the Court funds that were being held in Escrow for D&O. If this lawsuit had not commenced, at this point, D&O would not have a claim against O'Neill for misappropriation of funds. D&O's money would be secured in an Escrow Account beyond the reach of the Plaintiff.

Though Mike Dolan, a director and shareholder of D&O, reached out to the Court advising the Court that D&O's Escrow Funds had been distributed with the Clerk of the Court in October of 2021, D&O was under the impression that its interests were being protected by the Government as a

3

result of the criminal action against Brian O'Neill. When it became evident that D&O's interest was not being protected, D&O filed a motion to intervene without delay. There are no bright-line rules governing the timeliness of an intervention motion so long as the parties would not be prejudiced by the third party intervention. Neither Medequa nor O'Neill would be unduly prejudiced if D&O is allowed to intervene at this stage. Moreover, D&O did not delay filing a motion to intervene with the purpose of further delaying ongoing proceedings. Its ultimate purpose behind the motion to intervene is to protect its interest in the actual money that was deposited with the Clerk of the Court in this litigation. For these reasons, D&O's motion to intervene was timely, and its motion should be granted.

## ARGUMENT

### I.   D&O is Entitled to Intervention as of Right.

A party may intervene of right if it "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The movant must (1) file a timely motion; (2) demonstrate a direct and substantial interest; (3) establish that their interest may be impaired by the disposition of the action; and (4) show that their interest would not be adequately protected by the current parties to the action. *See "R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). D&O satisfies all four requirements. Though intervention cannot be used as a means to inject collateral issues into an existing action, D&O's interest is not collateral, but was created as a result of this litigation. D&O would not have been unduly harmed, but for O'Neill's

actions in this litigation by depositing D&O's money with the Clerk of the Court. D&O's money should not be part of this litigation. O'Neill cannot use D&O's money that was being held in Escrow to satisfy the claims asserted by Medequa. Thus, D&O's interest is not collateral, but directly related to this case. *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

### A.  D&O's Motion is Timely.

In Medequa's Memorandum of Law in Opposition to D&O's Motion to Intervene, Medequa asserts that D&O's Motion to Intervene is untimely. As grounds, they cite delays of a few months have been found to be untimely. *See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n. Inc.*, 471 F.3d 377, 390-91 (2d Cir. 2006). While D&O concedes that in some cases, a delay of a few months has rendered motions to intervene untimely, D&O asserts that delays of up to twenty-six (26) years or more have still been held as timely. *See Oneida Indian Nation of N.Y. v. N.Y.*, 201 F.R.D. 64, 68 (N.D.N.Y. 2001). Medequa also alleges that D&O's motion is untimely because it became aware of a potential interest in this litigation up to six (6) months before filing the motion. However, the Court has held that being so, motions to intervene may still be found to be timely. *See Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (holding that an application to intervene was timely when filed almost two years after notice of interest in the case, because proposed intervenors filed after interest became direct). When it became clear to D&O that its interest was not being protected in this litigation, as stated in its original motion to intervene, it sought counsel immediately, who prepared and filed a motion to intervene as quickly as practicable. *See D&O's Memorandum of Law, at p. 7.*

5

Medequa alleges that D&O could have filed its own action against O'Neill for breach of contract, breach of fiduciary duties, and conversion instead of filing a motion to intervene in this case. But, Medequa fails to acknowledge that without this action, D&O would not have a claim against O'Neill. O'Neill breached the contract with D&O when they misappropriated D&O's funds and deposited $3.3 million with the Clerk of the Court. Medequa takes the position that D&O is intervening in this action because Medequa filed a suit against O'Neill more expeditiously than D&O and that D&O seeks only to intervene as to ensure that Medequa does not become a judgment creditor of O'Neill. *See* Medequa's Memorandum of Law in Opposition, at pp. 9-10. Medequa is asserting that D&O is attempting to prevent Medequa from effectively being set ahead in line to D&O as creditor. *See* Medequa's Memorandum of Law in Opposition, at pp. 9-10. However, this is a misstatement of fact.

D&O is seeking to intervene for the sole purpose of claiming an interest in the money that O'Neill took from the D&O's Escrow Account and placed in the custody of the Clerk of the Court. On September 15, 2021 the Court ordered O'Neill to deposit the Escrow Funds by noon September 20, 2021. *See* Medequa's Memorandum of Law in Opposition, at pp. 6-7. It is D&O's position that the Court's order referred to Escrow Funds that O'Neill was holding for Medequa. It is further D&O's position that before the Court's order of September 15, 2021, O'Neill had already converted and disposed of Medequa's $5.1 million that was being held in Escrow. Therefore, O'Neill was not holding any monies in Escrow that belonged to Medequa on September 15, 2021. On September 22, 2021, O'Neill deposited $3.3 million with the Clerk of the Court. *See* Medequa's Memorandum of Law in Opposition, at pp. 7. That $3.3 million was D&O's money that O'Neill was holding in Escrow. D&O could not have filed any claim more expeditiously than Medequa as suggested in the

Memorandum of Law in Opposition, because before the commencement of this lawsuit and the September 22, 2021 deposit to the Clerk of Court, there was no reason for D&O to file a claim against O'Neill since D&O's money was still being held in an Escrow Account by O'Neill on September 22, 2021. O'Neill's breach of fiduciary duty as it relates to D&O was a direct result of this lawsuit. Since the money rightfully belongs to D&O, D&O should be permitted to assert its interest and intervene as of right.

Medequa notes that D&O has had an open line of communication with the U.S. Attorney's Office handling the criminal action against Brian O'Neill. *See* Medequa's Memorandum of Law in Opposition, at p. 10. Medequa alleges that because of this communication, the motion D&O filed March 10, 2022 was untimely. However, far longer delays have been found timely. *See Oneida Indian Nation*, 201 F.R.D. at 68. D&O was under the impression that any interest it had would be protected by the Government as a result of the criminal case. When it became evident that that was not the case, D&O promptly sought counsel and filed the Motion to Intervene. Medequa is flawed in its analysis that there was an "unjustifiable failure to act" on the part of D&O. *See* Medequa's Memorandum of Law in Opposition, at p. 11. On the contrary, D&O filed its Motion to Intervene as soon as practicable as the facts presented themselves.

D&O reasserts that intervention at this stage will prejudice no party. Courts routinely find that motions to intervene filed within several months of the commencement of a lawsuit are timely. When courts deny motions as untimely, it is ordinarily because a party has delayed intervention until after the commencement of discovery or some permanent substantive decision. D&O's Motion to Intervene comes within two months of the Defendant's motion to stay and granting it will have no effect on the timing of resolution on the merits. Medequa insists that D&O's motion is untimely, but

the determination of untimeliness is within the broad discretion of the Court, which has held far longer delays as timely.

**B.**     <u>**D&O has legally protectable interests at stake in this litigation.**</u>

It is Medequa's position that D&O does not have a legally cognizable interest in the property or interest that is the subject of this action. *See* Medequa's Memorandum of Law in Opposition, at p. 12. The subject of this action is in the possession of the Clerk of the Court. That subject is the $3.3 million that O'Neill deposited to the Clerk as ordered by the Court. However, that money belongs to D&O. D&O is in no way asserting that O'Neill has not misappropriated funds belonging to Medequa; however, the funds that are currently being held by the Clerk, the subject of this action, rightfully belong to D&O. Medequa makes the representation that D&O's interest is only contingent on this suit, but this is also a misstatement. *See* Medequa's Memorandum of Law in Opposition, at p. 12. Although it is possible D&O could have a potential interest in the results of this litigation, D&O's interest currently lies solely in the actual money as held by the Clerk.

Medequa also makes the representation that D&O is intervening because its contract with O'Neill was similar to Medequa's contract, and D&O is seeking to recover, like Medequa, for damages incurred by O'Neill's breach of contracts and fiduciary duties. *See* Medequa's Memorandum of Law in Opposition, at p. 13. Medequa insists that this matter is similar to the issue in *Mastercard*. 471 F.3d at 386-87. The *Mastercard* case differs significantly from the issue at hand. Again, it is not the outcome of litigation in which D&O is interested; its interest is in the very subject of this litigation that is being held by the Clerk. D&O's absence from this lawsuit would, as a

8

practical matter, so impair and impede D&O's ability to protect its interests that it should be allowed to intervene. *Id* at 387.

According to Medequa, there has been no legal finding that the $3.3 million deposited with the Clerk of the Court belongs to D&O. D&O reasserts, "Rule 24(a)(2) addresses claims of interest 'relating to the property or transaction that is the subject of the action,' it is well-established that the rule 'does not require the intervenor prove a property right, whether in the constitutional or any other sense.' *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001)." *See* D&O's Memorandum of Law at p. 8.   Rather, the would-be intervenor must have some interest in the litigation's subject matter or outcome that is "direct, substantial, and legally protectable." *See Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 97 (2d Cir. 1990). D&O has a direct, substantial, and legally protectable interest in the litigation and its outcome, specifically a ownership interest in the $3.3 million that was deposited with the Clerk of the Court.

Thus, D&O does in fact have a legally protectable interest and should be allowed to intervene as of right.

## C.   <u>D&O's interest will be impaired by this litigation.</u>

Medequa is correct in their assertion that "D&O must demonstrate that its exclusion from this litigation will 'preclude it from seeking whatever remedy it is contractually entitled.'" *See* Medequa's Memorandum of Law in Opposition, at p. 14. However, they are incorrect when they allege that D&O would suffer no impairment and is free to initiate its own litigation, and the time, money, and energy to resolve its own claims. *See* Medequa's Memorandum of Law in Opposition, at p. 14. D&O would not have a claim if it were not for this litigation. O'Neill misappropriated funds

belonging to D&O as a result of this litigation, and before those funds can be awarded to an adverse party of O'Neill (Medequa), D&O is seeking the opportunity to claim its property. Simply seeking its own litigation would not remedy D&O's claim, but acting as an intervenor would allow D&O to protect its own interest and prevent further harm. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 132 (1967) (holding that if a party's interest is not represented in a suit and they would be impaired by the litigation, they are entitled to intervene). If it is not permitted to intervene as a matter of right, D&O's ability to protect its interest in the $3.3 million will be impaired and impeded. Not allowing its intervention would result in reversible error. *Id* at 133. D&O has a significant interest in this litigation and is entitled to intervene as a matter of right.

Again, D&O's ability to protect its interests would be significantly impaired and is entitled to intervene as a matter of right.

### D.    D&O's interests are not adequately protected.

Medequa insists that D&O should not be able to intervene because it is not a judgment creditor of O'Neill, and thus, may not assert a lien on the proceeds of this action. *See* Medequa's Memorandum of Law in Opposition, at p. 16. It has never been the position of D&O that it is a judgment creditor of O'Neill. D&O should not have to assert a lien on its own, actual property. It is D&O's position that the specific funds belong to it, not in an amount, but that the actual tangible $3.3 million that O'Neill deposited with the Clerk of the Court. It is not attempting to collect an amount owed, but specific funds that it rightfully owns.

In addition, like Medequa is asserting, D&O was under the impression that the Government would be protecting its interest in the parallel criminal action. *See* Medequa's Memorandum of Law

10

in Opposition, at p. 16. When it became clear that that was not necessarily the case, D&O sought counsel to begin intervening procedures. *See High Farms, LLC v. King*, No. 16-CV-736(NGG)(PK), 2021 WL 1137995, at \*14 (E.D.N.Y. Mar. 25, 2021). So, D&O is not adequately protected by either the Plaintiff or the Defendant in this litigation. The Plaintiff is attempting to be awarded D&O's money. The Defendant is attempting to use D&O's money to satisfy the claim asserted by the Plaintiff. Because D&O's interest is not being protected by either party, it should be permitted to intervene as a matter of right.

## II.   D&O is Entitled to Permissive Intervention.

D&O should be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Significantly, district courts are afforded wide discretion in ruling on motions for permissive intervention and the court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2) or 'permissive' under Fed. R. Civ. P 24(b)(2). *See S.E.C. v. Callahan*, 193 F. Supp. 2d 177, 201 (E.D.N.Y. 2016). It is not necessary to analyze the two types of intervention separately. *Id.* Thus, D&O should be granted intervention as it has shown that it filed a timely motion to intervene. It has a direct and substantial interest in this action. D&O has shown significant harm and impairment if prevented from intervening. Neither the Plaintiff Medequa nor the Defendant O'Neill can, in any way, protect the interests of D&O. Futher, D&O is not sufficiently represented. Accordingly, D&O has shown that it should be allowed to intervene either as of right or through permissive intervention via these factors.

## CONCLUSION

Because D&O satisfies all factors of Fed. R. Civ. P. 24(a)(2) and for all the reasons above,

D&O respectfully requests that the Court grant its motion to intervene.

April 1, 2022

Respectfully submitted,

By: _____

John C. Robbins, ASB-5635-i70j
Robbins Law Firm
2031 2nd Avenue North
Birmingham, AL 35203
(205) 320-5270
(205) 835-6818
jcrobbins59@yahoo.com
*Attorney for Third-Party Plaintiff Intervenor*

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Third-Party Intervenor's Reply to the

Plaintiff's Memorandum of Law Opposition to D&O's Motion to Intervene  and attached documents

was served by placing same in the United States mail, first class, postage prepaid and properly

addressed on the date and time affixed hereon on all counsel or parties of record listed below.

John C. Robbins

For the plaintiff:

    Claire Nicole Huynh
    Joseph E. Czerniawski
    Condon and Forsyth LLP
    7 Times Square # 18,
    New York, NY 10036

For the defense:

    Andrew David Beresin
    The Samuel Law Firm
    38 West 32nd Street
    Suite 1110
    New York, NY 10001

        AND/OR

    Andrew D. Beresin
    210 Oakridge Commons
    P.O. Box 20
    South Salem, NY 10590
    beresinlaw@optimim.net
    (914) 533-7054

13