UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                      :
MEDEQUA LLC,                    :
                      :  **ORDER GRANTING MOTIONS**
             Plaintiff,    :  **TO INTERVENE**
                      :
    -against-              :  21 Civ. 6135 (AKH)
                      :
O'NEILL & PARTNERS LLC,     :
                      :
             Defendant.   :
                      :
                      :
                      :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This action began as a suit by Plaintiff Medequa LLC ("Medequa") to enforce the terms of an escrow agreement and recover money held in escrow by Defendant O'Neill & Partners LLC. After Defendant interpleaded $3,300,000 of the $5,100,00 held in escrow, third party D&O TRADECO, INC. ("D&O) became concerned that the $3.3 million Defendant deposited with the court in fact belonged to it rather than to Medequa or Defendant. After I denied Defendant's motion to stay in February 2022 and ordered the parties to complete briefing on Plaintiff's partial summary judgment motion, D&O moved to intervene. Then, In June 2022 third party Tech 4 Good Pty Ltd filed a motion to intervene, Plaintiff Medequa opposes both motions and Defendant has made no filing as to either. For the reasons that follow, the motions for Third Party Plaintiff D&O and Third Party Plaintiff Tech 4 Good Pty Ltd to intervene are granted.

### BACKGROUND[1]

**A. Dispute between Plaintiff & Defendant**

Pursuant to a contract between Plaintiff Medequa, non-party SonerMed LLC, and Defendant O'Neill & Partners, Defendant was to hold in escrow $5,100,000. Ultimately, the contract was terminated and Plaintiff requested the return of the money held in escrow. After months of communications between Plaintiff and Defendant, Plaintiff had not received any of its money and initiated this action.

In three orders issued in August and September 2021 I ordered Defendant to deposit the full amount held in escrow—$5,100,000—into the Disputed Ownership Fund ("DOF") in the Court Registry Investment System ("C.R.I.S.") of the U.S. District Court, Southern District of New York. *See* ECF Nos. 33, 36, 38. Defendant deposited $3,300,000 as instructed, but failed to deposit the balance of the Escrow Funds. On October 14, 2021 my chambers received an email from Mike Dolan, a director and shareholder of D&O, stating that D&O had deposited $3.4 million with O'Neill & Partners but had been unable to verify the status of its funds in the preceding ten days. I placed on the docket, *see* ECF No. 55, but declined to take any action because there was no case or controversy before me concerning D&O.

On December 3, 2021, Brian O'Neill, the managing partner of Defendant, was arrested and charged with committing wire fraud, making false statements to the FBI, and committing perjury. *See* 22 Cr. 57 (VEC), Dkt. Nos. 2–3. On December 8, 2021, Defendant moved for a full stay of this case pending the outcome of O'Neill's criminal proceeding. On January 26, 2022, O'Neill was formally indicated. On February 1, 2022 I denied the motion for a stay and ordered the parties to complete the briefing on Plaintiff's motion for partial summary

---

[1] I have detailed the background on this case in numerous orders on the docket, most recently my Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment. I set forth here only those facts necessary for resolving the instant motion.

judgment.  I decided the summary judgment on July 25, 2022 and ordered the Clerk to enter judgment for Plaintiff on its claim for breach of contract.

## B.  The Third Parties' Interests in This Litigation[2]

D&O seeks to intervene because it believes the money Defendant deposited in the Disputed Ownership Fund belongs to D&O.  Tech 4 Good seeks to intervene for similar reasons. As relevant here, D&O completed a purchase agreement with non-parties Tech4Good and Maso Capital in April 2021.  As part of that transaction, D&O borrowed $3.4 million from Maso Capital, which deposited the money with Defendant, who was to act as the escrow agent pursuant to an escrow agreement (the "D&O Escrow Agreement").  The subject of D&O's purchase agreement—shipments of nitrile gloves—have been transferred to a warehouse pending the completion of the purchase agreement.  D&O maintains the only thing preventing completion of the nitrile glove transaction is Defendant's failure to release the funds it held in escrow for D&O.  While Tech 4 Good has sought release of the funds to it as payment for the gloves, Defendant has yet to release the money.

D&O states in its motion that on February 25, 2022 it received notice from the Office of the United States Attorney that I denied Defendant's motion for a stay and that any interest of D&O's would no longer be protected.  On March 10, 2022, D&O filed its motion to intervene and Plaintiff subsequently filed its opposition.  In its motion, D&O only requested to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), but in its reply also sought permissive intervention under Rule 24(b)(1).  Tech 4 Good states that it learned of the criminal complaint and the possible misfeasance in May 2022, which prompted it to seek intervention the following month.

---

[2] The facts in this subsection are taken from D&O briefs and Tech 4 Good's briefs in support of the motions to intervene.  For purposes of the instant motion, I "accept[] as true the applicant's well-pleaded, non-conclusory allegations and supporting material." *Floyd v. City of New York*, 302 F.R.D. 69, 83 (S.D.N.Y. 2014), *aff'd* 770 F.3d 1051 (2d Cir. 2014).

**DISCUSSION**

Under Rule 24, "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In essence, this rule requires that an applicant "(1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *Securities and Exchange Commission v. El-Khouri*, 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021) (quoting *United States v. State of N.Y.*, 820 F.2d 554, 556 (2d Cir. 1987)). Courts may also consider the same factors in addressing permissive intervention. *See R Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir.2006).

I.   **D&O's Motion to Intervene**

A.   **D&O's Motion is Timely**

Plaintiff argues that D&O's motion is untimely because it was filed five to six months after D&O became aware Defendant may have misappropriated the funds belonging to D&O. I am unpersuaded. To consider whether a motion to intervene is timely, courts evaluate (1) how long the motions delayed; (2) prejudice to existing parties resulting from their delay; (3) whether the movant will be prejudiced if the motion is denied; and (4) any unusual circumstances that weigh for or against a finding of timeliness. *See United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987); *Golden Ins. Co. v. PCF State Restorations, Inc.*, 2018 WL 10593630, at *4 (S.D.N.Y. May 11, 2018). Ultimately, however, the "timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *Floyd*, 770 F.3d at 1058 (quoting *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986)).

Here, the delay of a few months did not prejudice the existing parties. *See Golden Ins. Co.*, 2018 WL 10593630, at *4 (delay of four and a half months did not prejudice parties). If anything, Defendant's actions and refusal to comply with my court orders may have prejudiced Plaintiff, but that is not attributable to any delay of D&O to intervene. I granted Plaintiff's summary judgment motion earlier this month, so there can be no prejudice to Plaintiff arising from any delay in obtaining judgment. On the other hand, denying intervention may prejudice D&O and its ability to recover funds that rightfully belong to it.

The primary question left to resolve is whether Plaintiff or D&O has a superior claim to the specific funds in the DOF. That is a question Plaintiff and D&O will face regardless—each claims Defendant wrongfully transferred its funds out of an escrow account, and each claims an interest in the money on deposit in the Disputed Ownership Fund. Indeed, if I were to deny the request to intervene and instead ordered the disputed funds dispersed to Medequa, D&O could likely initiate an action against both O'Neill & Partners and Medequa. *See City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 5200220, at *7 (S.D.N.Y. Mar. 29, 2021) (to make a successful claim for conversion, "it is generally sufficient for a plaintiff to identify a specific transfer of funds that were misappropriated and trace those funds to a knowing recipient"); Restatement (Second) of Torts § 237 ("One in possession of a chattel as bailee or otherwise who, on demand, refuses without proper qualification to surrender it to another entitled to its immediate possession, is subject to liability for its conversion."). In the unusual circumstances present here, judicial economy and expediently addressing the claims of the interested parties favor a finding that D&O's motion to intervene is timely.

## B. D&O Satisfies the Remaining Elements

D&O easily meets the remaining three requirements for intervention. With respect to the second factor, D&O's interest in this action is "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). D&O

5

claims not just that Defendant breached the terms of the D&O Escrow Agreement, but that the specific money held in the DOF belongs to D&O rather than to Medequa. *See ADP Inv. Commc'n Servs., Inc. v. In House Att'y Servs., Inc.*, 390 F. Supp. 2d 212, 224 (E.D.N.Y. 2005) (conversion actionable so long as money sought is specifically identifiable). While it is true that D&O is not a judgment creditor of Defendant, that is not required at this stage, *see Floyd*, 302 F.R.D. at 83, especially given that the second factor is weighted toward "inclusion rather than exclusion." *XL Specialty Ins. Co. v. Lakian*, 632 Fed. App'x 667, 669 (2d Cir. 2015).

Finally, with respect to the third and fourth elements, D&O's interest will be impaired is not adequately protected by existing parties. As a practical matter, if the money held in the DOF is transferred to Medequa, it will become more difficult for D&O to protect its interest in that money and assert its claim that it is the true owner of the subject funds. Likewise, D&O has "carried the minimal burden required for a showing that representation by the existing parties may be inadequate." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 803 (2d Cir. 2022) (quoting *LaRouche v. FBI*, 677 F.2d 256, 258 (2d Cir. 1982)). D&O's interests are adverse to Defendant's as D&O claims Defendant breached the D&O Escrow Agreement. D&O's interests are also adverse to Medequa's, as both D&O and Medequa claim an interest in the same disputed funds.

### C. Permissive Intervention

Because I find that D&O is entitled to intervention as of right, it is not necessary for me to reach the question of permissive intervention under Rule 24(b). However, I would likely weigh the factors discussed above and exercise my "broad discretion" to grant intervention. *See New York News v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992).

### II.   Tech 4 Good's Motion

Third Party Plaintiff Tech 4 Good's motion is granted for the same reasons that D&O's motion is granted. Although Tech 4 Good delayed longer in making its motion that

6

D&O, it maintains that it did not have notice of a potential need to seek action against Defendant until May 2022. As discussed above, the main culprit in causing delay is Defendant, not any third parties. Additionally, permitting both Tech 4 Good and D&O to intervene simultaneously will promote judicial economy by enabling me to resolve any claims in one proceeding. *See Floyd*, 770 F.3d at 1058 (assessing intervention entrusted to district court's discretion). Likewise, even were I to deny intervention by right to Tech 4 Good, I would grant permissive intervention under Rule 24(b). *See Kheel*, 972 F.2d at 487.

## CONCLUSION

The motions to intervene are granted. All parties are hereby ordered to appear for a status conference on August 12, 2022 at 10:00 a.m. to chart further progress in the case and address the disposition of the funds held in the Disputed Ownership fund. The Clerk shall terminate ECF Nos. 91 and 96.

SO ORDERED.

Dated:     July 26, 2022
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge