# **EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDEQUA LLC, | Civil Action No. 1:21-CV-6135 |
| Plaintiff, | |
| -against- | **SUBPOENA DUCES TECUM AND RESTRAINING NOTICE** |
| O'NEILL & PARTNERS LLC, | TD Bank<br>461 8th Avenue<br>New York, New York, 10001 |
| Defendant. | |

**THE PEOPLE OF THE STATE OF NEW YORK,**

to the subject of this subpoena, TD Bank,

GREETINGS:

**WHEREAS**, in the above-entitled action between Plaintiff Medequa LLC ("Medequa" or "Judgment Creditor") and Defendant O'Neill & Partners LLC ("O'Neill & Partners" or "Judgment Debtor"), a certain judgment (the "Judgment") in the sum of $5,100,000.00 accruing at 9% simple interest per annum, was awarded to the Judgment Creditor against the Judgment Debtor in the United States District Court for the Southern District of New York (the "Court") on October 11, 2022, of which the entire amount remains unpaid; and

**WHEREAS,** upon information and belief, the Judgment Debtor and/or its sole member, Brian O'Neill, held or hold, two or more bank accounts with TD Bank, since, at least, January 1, 2020.

**YOU ARE COMMANDED** to produce for examination on September 15, 2022, at 10:00 a.m. at the offices of CONDON & FORSYTH LLP, 7 Times Square, 18th Floor, New York, New York, 10036, any and all records in Your possession, custody, and control related to all accounts presently or previously held by, for, or on behalf of the Judgment Debtor with TD Bank, from

1

January 1, 2019, to the present date, such as but not limited to: account opening documents, including signature cards; additional or removal of individuals to/from the account(s); account closing documents; change of address for any account; powers of attorney; all monthly bank statements; deposit tickets and offset items; withdrawals, slips and type; back and front of certified checks, cashier's checks, official checks, teller's checks, cancelled checks, and any other type of check; money orders; incoming and outgoing wire transfers, showing origins and destinations, account numbers, and financial institutions; internal transfers, showing origins, destinations, account numbers, and account names; loan documents; mortgage documents; investment documents; and correspondence, as more particularly set forth in Schedule A.

**I HEREBY CERTIFY** that this subpoena complies with CPLR § 5224 and § 601 of the General Business Law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

## RESTRAINING NOTICE

**TAKE NOTICE** that pursuant to CPLR § 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property in which the Judgment Debtor has or may have an interest, except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which the Judgment Debtor has or may have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtor.

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an

order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other

3

property or money.

   **TAKE FURTHER NOTICE** that non-compliance with this Restraining Notice is punishable as a contempt of the Court.

                 **CONDON & FORSYTH LLP**

                 */s/ Eduardo A. Carlo*
                 Eduardo A. Carlo
                 7 Times Square, 18th Floor
                 New York, New York 10036
                 Tel: (212) 894-6708
                 ecarlo@condonlaw.com

                 *Attorneys for Medequa LLC*

                 Dated: August 22, 2022
                    New York, New York

To:
TD Bank
461 8th Avenue
New York, New York, 10001

## SCHEDULE A

## DEFINITIONS

1. "Judgment Debtor" shall refer to O'Neill & Partners LLC.

2. "You" and "Your" shall refer to TD Bank, N.A.

3. Plaintiff Medequa hereby adopts and incorporates the definitions and rules of construction of Local Rule 26.3 of the Southern District.

## INSTRUCTIONS

1. Provide all information and documents in Your possession, custody or control in response to each of these Discovery Requests, except for information and documents protected by the attorney-client privilege or work product doctrine.

2. For each Discovery Request that seeks production of document(s), produce each such document in its entirety and all drafts and non-identical copies of each document.

3. If You are able or willing to provide only part of the information and documents sought by these Discovery Requests, provide that partial information and documentation, and specify the reason for Your inability or unwillingness to provide the remainder.

4. When responding to these Discovery Requests, You are requested to respond in writing and state as to each of the requests:

   a. that there are such documents and that they will be produced; or

   b. that there are such documents but that You refuse to produce them because of a claim of privilege, or for some other reason; or

   c. that the documents requested do not exist.

5

5. If any answer to these Discovery Requests is made upon information and belief, You shall so state and set forth and identify the sources of such information and belief. If You lack the knowledge necessary to answer any of these Discovery Requests, You should so state.

6. Whenever appropriate to these Discovery Requests, the singular shall be interpreted as the plural and vice versa; the present tense shall include the past tense and vice versa; and the neuter shall include the masculine and feminine.

7. If any requested document is withheld from production for any reason, furnish a list specifying, for each document:

    a. the reason for which it is being withheld;

    b. the type of document;

    c. the name, position, and business affiliation of its author or authors;

    d. the name, position, and business affiliation of each recipient of the document;

    e. the date on which it was written;

    f. its general subject matter;

    g. the custodian of the document; and

    h. the name of each person with knowledge of the information withheld.

    i. In case of any communication or document relating in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

8. If any document the production of which is sought by these Discovery Requests has been destroyed, please state, as to each such document, its date, author(s), recipient(s) and the circumstance of its destruction.

9. The documents being produced in response to each particular request shall be produced separately for each request, and the request to which such documents are responsive should be

clearly labeled. Documents from any single file shall be produced in the same order as they were found in such file insofar as possible, together with a copy of any document (such as a file jacket, folder, or label) identifying the name of the file.

10. These Discovery Requests are continuing ones. If, after responding to these Discovery Requests, You obtain or become aware of any additional facts or information responsive to these Discovery Requests, You are requested to supplement Your response as required by the CPLR.

11. If any of the Discovery Requests cannot be answered fully and completely, You shall respond to the extent possible, specifying the reasons for Your inability to answer the remainder and stating the substance of Your knowledge, information and belief concerning the subject matter of the unanswered portion. Such a statement shall include the steps taken to locate any responsive documents. You must respond separately to each document request.

12. If objections are made to any of these Discovery Requests, the reasons therefore shall be stated.

13. You must furnish all responsive documents available to You regardless of whether these documents are possessed directly by You, Your agents, employees, representatives, present or former attorneys or their agents, affiliates, corporations, predecessors, partnerships, limited liability companies, or other legal entities controlled by or in any manner affiliated with You.

14. Unless otherwise stated, these Discovery requests for the production of documents covers the period from January 1, 2019 to the present.

15. Judgment Creditor Medequa reserves the right to serve further requests.

**Document Requests**

1. All the Judgment Debtor's banking documents, including but not limited to, account statements, checkbooks, signature cards, cancelled checks, letters of authorization, wire transfer documentation, bank deposit documentation, online bank documentation or bank withdrawal documentation from January 1, 2019, to the present date. All wire transfer documentation must be full and complete and show the complete identity and account numbers of the sender or recipient of the wire.

2. All the banking documents in your possession for the sole member of Judgment Debtor, Brian O'Neill, including but not limited to, account statements checkbooks, signature cards, cancelled checks, letters of authorization, wire transfer documentation, bank deposit documentation, online bank documentation or bank withdrawal documentation from January 1, 2019, to the present date. All wire transfer documentation must be full and complete and show the complete identity and account numbers of the sender or recipient of the wire.

3. All documents concerning any real property owned in whole or in part by the Judgment Debtor, the Judgment Debtor's sole member, by a third party on the Judgment Debtor's behalf, or by any entity in which the Judgment Debtor has or had an ownership interest.

4. The Judgment Debtor's federal and state tax returns from January 1, 2019, to the present date, and all schedules, worksheets and back-up documentation for such returns.

5. All documentation evidencing any and all debts and obligations owed to the Judgment Debtor, or any entity in which the Judgment Debtor had or has an ownership interest or otherwise controls, from January 1, 2020, to the present date.

6. All documents that identify each safe deposit box or other depository that the Judgment Debtor, the Judgment Debtor's sole member Brian O'Neill, or any entity in which the

Judgment Debtor had or has ownership interest, has kept and/or used from January 1, 2019, to the present date, including but not limited to, documents identifying the name, branch and address of the banking or other institution at which each such safe deposit box or other depository was and/or is maintained, and the box number and an inventory of the contents of any box.

7. All documents that identify each brokerage account held by the Judgment Debtor, the Judgment Debtor's sole member Brian O'Neill, or any entity in which the Judgment Debtor had or has an ownership interest, from January 1, 2020, to the present date, including but not limited to, documents identifying the name, branch and address of the banking or other financial institution at which each such account was and/or is maintained, the account number of each account and the amount that was on deposit in each such account if and when that account was closed.

8. All documents concerning any records or other information reflecting outstanding accounts receivable owed to and accounts payable owed by the Judgment Debtor, or any entity in which the Judgment Debtor had or has an ownership interest.

9. All documents that identify each bank account held by the Judgment Debtor, the Judgment Debtor's sole member Brian O'Neill, or any entity in which the Judgment Debtor had or has an ownership interest, from January 1, 2019, to the present date, including but not limited to, documents identifying the name, branch and address of the banking or other financial institution at which each such account was and/or is maintained, the account number of each account and the amount that was on deposit in each such account if and when that account was closed.

10. All documents concerning any and all assets or funds transferred by the Judgment Debtor, the Judgment Debtor's sole member Brian O'Neill, or any entity in which the Judgment Debtor had or has an ownership interest, to any other person or entity from January 1, 2019, to the

present date, including, but not limited to, brokerage accounts, bank accounts, interests in any businesses or corporations, and ownership interest in real property, including leaseholds.

11. All documents concerning any and all mortgages, credit lines, credit cards, loans and/or any other liabilities for which the Judgment Debtor is either wholly or partly obligated from January 1, 2019, to the present date.

12. All documents concerning any and all judgments against or in favor of the Judgment Debtor from January 1, 2019, to the present date.