```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
MEDEQUA LLC,                                                  :
                                                              :
                                          Plaintiff,          :     **ORDER DENYING MOTION TO**
                                                              :     **QUASH**
          -against-                                           :
                                                              :     21 Civ. 6135 (AKH)
O'NEILL & PARTNERS LLC,                                       :
                                                              :
                                          Defendant.          :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Judgment Debtor O'Neill & Partners LLC ("Movant") moves to quash a subpoena served on TD Bank, pursuant to N.Y. C.P.L.R. § 5223, for Movant's bank records. (ECF No. 117.) If the motion is denied, Movant requests a protective order pursuant to N.Y. C.P.L.R. § 5240. As explained below, Movant lacks standing to challenge production and has not established the necessity of a protective order. The motion is denied.

        "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts. . . . It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014). "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). "A party

1

lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-CV-1590, 2013 U.S. Dist. LEXIS 1720, at *5 (S.D.N.Y. Jan. 4, 2013).

Movant lacks standing to challenge the subpoena because the records sought do not belong to it. New York Courts have held that a bank customer does not have standing to object to the production of financial records that relate to that customer's bank accounts. *See Credit Suisse Sec. (USA) LLC v. Feldstein*, 2014 N.Y. Misc. LEXIS 1001, *4–5 (Cty. Sup. Ct. Mar. 3, 2014); *accord. People v. Crispino*, 298 A.D.2d 220, 221 (1st Dept 2002) (finding defendant, a bank customer, has no proprietary interest in a bank's records and therefore has no standing to challenge the bank's production of its own records); *People v. Doe*, 96 A.D.2d 1018, 1019 (1st Dept 1983) ("Bank records, although they may reflect transactions between the bank and its customers, belong to the bank...[and an account holder,] cannot preclude their production"); *Norkin v. Hoey,* 181 A.D.2d 248, 251 (1st Dept 1992); *Shapiro v. Chase Manhattan Bank*, 53 A.D.2d 542, (1st Dept 1976). The records sought are the property of TD Bank, not Movant, and TD Bank has not contested producing them.

Movant cites *Sierra Rutile Ltd. v. Katz*, 199 U.S. Dist. LEXIS 6188 (S.D.N.Y. May 11, 1994), for the proposition that a party has standing to challenge a subpoena for its own bank records because a party has a sufficient interest in the confidentiality of bank records pertaining to its personal financial affairs. *Sierra Rutile* is inapplicable here because the records sought pertain to business, rather than personal, financial affairs. Movant cites no case in which a New York court has held that a business has a privacy interest in the confidentiality of its bank records. Because the records Plaintiff seeks are business, rather than private personal records, Movant lacks standing to challenge the subpoena.

The motion to quash is denied. The request for a protective order also is denied because, contrary to Movant's assertions, the records sought pertain only to accounts or property owned by Movant or held by third parties for Movant's benefit, and no showing has been made as to any need of confidentiality. No protective order is necessary to protect the rights of third parties.

TD Bank shall comply with the subpoena and produce the requested records by October 19, 2022.

The Clerk of Court shall terminate ECF No. 117.

SO ORDERED.

Dated:   October 12, 2022
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge