UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
MEDEQUA LLC,                                                 :
                                                             :   **ORDER DENYING MOTION TO**
                                         Plaintiff,          :   **QUASH**
            -against-                                        :
                                                             :   21 Civ. 6135 (AKH)
O'NEILL & PARTNERS LLC,                                      :
                                                             :
                                         Defendant.          :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Medequa, as judgment creditor, served a subpoena on Citibank as part of its efforts to enforce its judgment against Defendant O'Neill & Partners. Medequa seeks the financial records of the sole member of the partnership, Brian O'Neill, and records held jointly with his wife, Laura O'Neill ("Movants"). Movants move to quash and for a protective order pursuant to N.Y. C.P.L.R. § 5240. The motion is denied. The Medequa-issued subpoena against the bank is appropriate under CPLR § 5223, and Movants fail to establish why they are entitled to a protective order.

    **I.**    **Motion to Quash**

      Medequa seeks "any and all records in [Citibank's] possession, custody, and control related to all accounts presently or previously held by, for, or on behalf of the Judgment Debtor and/or [Brian] O'Neill, from January 1, 2019, to the present date." ECF No. , Exhibit 1 ("Subpoena Duces Tecum"). Movants argue that their Citibank bank accounts contain personal information, that they are non-parties, and that their financial information is confidential and

contains sensitive information pertaining to their children. They also argue that this information is duplicative of a subpoena Plaintiff issued to TD Bank.

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under CPLR § 5223, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon a subpoena." "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-CV-1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).

Plaintiff Medequa has established that the judgment debtor's assets went into the relevant Citibank accounts, and that O'Neill paid invoices from that account, establishing that the request is relevant to enforcing its judgment. See ECF No. 173, Ex. 1 and 2; *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts. . . . It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets."). Plaintiff's receipt of Defendant's TD Bank account information does not preclude plaintiff from also seeking another bank records. Movants have not met their burden, as they make no showing that the subpoena should be quashed for "a lack of authority, relevancy or factual basis for its issuance." *Hogan v. Cuomo*, 67 A.D.3d 1144, 1145 (N.Y. Sup. Ct. 2009). The cases Movants cite and the arguments they make pertain to pre-trial discovery, not post-trial judgment enforcement discovery.

## II. Protective Order

Movants argue they are entitled to a protective order requiring all documents produced to first be produced to Defendant and Movants on grounds that the information is "not discovery" and due to their "legitimate privacy and confidentiality concerns." ECF No. 170 at 10. Movants fail to articulate with specificity, nor meet their burden, as to why a protective order would "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice." C.P.L.R. § 3108.

## CONCLUSION

The movants' motion is denied. The Clerk is instructed to terminate the open motion at ECF No. 169.

SO ORDERED.

Dated:  March 21, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge